# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RYAN TRAGOSZANOS,

        Plaintiff,

  v.                                              Case No. 09-C-1028

CITY OF ALGOMA, NEIL DORNER,
and JOHN ALLEN,

        Defendants.

## ORDER ON MOTIONS IN LIMINE

In this 42 U.S.C. § 1983 action, Plaintiff Ryan Tragoszanos alleges that two officers of the City of Algoma Police Department violated his rights under the Fourth and Fourteenth Amendments by using excessive force in effecting his arrest. Trial has been postponed on motion of the plaintiff until September 16, 2011, but currently pending before me are three motions in limine filed by the plaintiff. First, Plaintiff seeks to bar evidence of a Kewaunee County drug investigation concerning him. (Dkt. 40.) Second, Plaintiff seeks to exclude evidence and argument not provided in response to his contention interrogatories. (Dkt. 42.) Third, Plaintiff seeks to prevent the defendants from calling as an expert witness, Daniel J. Trelka, the former Police Chief of Sturgeon Bay. (Dkt. 48.) Plaintiff's motions will be granted in whole or in part for the reasons set forth herein.

### 1. Motion in Limine Regarding Drug Investigation

Kewaunee County investigated Plaintiff's possible involvement with illegal drugs, but the investigation took place *after* the arrest that gave rise to Plaintiff's excessive force lawsuit. Thus

the officers who arrested Plaintiff – and who allegedly used excessive forces in the process – had no knowledge of a drug investigation at the time they made the arrest. As such the drug investigation is irrelevant for purposes of the excessive force trial. *See Deering v. Reich,* 183 F.3d 645 (7th Cir. 1999) (relevant in excessive force is the knowledge police officers had of plaintiff at the time the force was used). In addition Defendants have failed to oppose Plaintiff's motion in limine. *See* Civil L. R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."). Accordingly, Plaintiffs motion is granted and, absent further ruling by the Court, Defendants will not be allowed to present any evidence of the drug investigation at trial.

**2. Motion in Limine Regarding Contention Interrogatories**

Contention interrogatories are used to elicit a description of the opposing party's theory and proof to be employed. *See Zenith Electronics v. WH-TV Broadcasting Corp.,* 395 F.3d 416, 420 (7th Cir. 2005). Though contention interrogatories should not ask for pure legal conclusions, they may be used to ferret out a party's legal theories. *Spacesaver Corp. v. Marvel Group, Inc.,* 621 F. Supp. 2d 659, 622 (W.D. Wis. 2009).

Plaintiff served contention interrogatories on Defendant who objected to several of the interrogatories as vague and calling for legal conclusions. (Dkt. 44-2.) Despite their objections, Defendants attempted to answer the contention interrogatories. (*Id.*) After reviewing Defendants' answers and objections Plaintiff warned Defendants that Plaintiff would be relying on the answers as written unless Defendants revised their answers in a timely manner. (January 10, 2011 Letter from Plaintiff's Counsel to Defense Counsel, Dkt. 44-3.) Defendants never revised their responses

to the contention interrogatories. Plaintiff then filed the present motion in limine to prevent Defendants from presenting evidence at trial other than such evidence identified by Defendants in response to the contention interrogatories. (Dkt. 42). Defendants have not filed a brief in opposition to Plaintiff's motion.

Based on Plaintiff's showing and in the absence of any response from Defendants, Plaintiff's motion to exclude evidence offered in support of contentions not disclosed in their answers to Plaintiff's interrogatories is excluded absent further order of the Court. Fairly read, Defendants' responses indicate that they are relying on their own personal knowledge, the observations of a witness named Mr. Pierce, and the written reports produced in discovery to support their contention that they did not use excessive force against Plaintiff in the manner alleged in his complaint. All other evidence not disclosed in support of Defendants' contentions is excluded, absent further order of the Court. If additional evidence supporting the position of Defendants has been disclosed or otherwise made known to Plaintiff such that Plaintiff will suffer no prejudice from its admission, Defendants may seek reconsideration of this ruling. Given the current state of the record, however, the motion is granted as set forth above.

**3. Motion to Strike Defendants' Expert Witness Trelka**

Plaintiff's third pre-trial motion seeks to strike expert witness Daniel J. Trelka. Mr. Trelka is currently the Chief of Police in Waterloo, Iowa and previously served as the Police Chief of Sturgeon Bay, Wisconsin. After the events giving rise to the present excessive force suit transpired, the Algoma Police Department asked Chief Trelka to conduct an internal investigation. Chief Trelka compiled a written report. Plaintiff received a copy of the report in the discovery process.

3

Plaintiff's motion to strike Chief Trelka's trial testimony is based on Plaintiff's concern that Chief Trelka may offer the opinion that Defendants used only force which was "objectively reasonable." (Dkt. 36-1 at 1-2.) Plaintiff argues that evidence of this nature creates an unreasonable risk that the jury will supplant Chief Trelka's opinion for its own. Even Defendants concede that it would be improper for Chief Trelka to testify as to whether or not excessive force was used by the Defendants when they arrested Plaintiff. *Thompson v. City of Chicago,* 472 F.3d 444, 457-458 (7th Cir. 2006) ("[T]he question of whether a police officer has used excessive force in arresting a suspect is a fact-intensive inquiry turning on the reasonableness of the particular officer's actions in light of the particular facts and circumstances of the situation faced.") An expert opinion on whether force used was excessive would be "of little value except as to possibly cause[] confusion and [] a substantial risk of prejudice." *Id.*

Instead Defendants argue that Chief Trelka can provide the jury with "guidance in understanding police training, practices and procedures." (Dkt. 52 at 4.) But even this testimony has no bearing on the central issue the jury must decide. Courts have routinely excluded precisely this type of testimony as irrelevant to the issues in an excessive force case. *See Masel v. Mansavage,* 2008 WL 5134916, *2 (W.D. Wis. 2008) (Randa, J.) (excluding expert who would have testified to "accepted police practice" and reasoning that whether the defendant-officers followed or violated police regulations was "completely immaterial as to the question of whether a violation of the federal constitution has been established"); *See also Beckham v. Stiles,* 2009 WL 3336096, *6 (Moody, J.) (expert's "testimony regarding national standards of police conduct and the policies and procedures of the Milwaukee police department would have been irrelevant to the issue of whether defendants used excessive force in a constitutional sense"). In light of these cases,

4

and because Defendants have not disclosed any other appropriate topics on which Chief Trelka could testify, I conclude that it is proper to strike Chief Trelka as an expert witness. Like the previous ruling, however, this ruling is in limine and is subject to reconsideration at trial.

Accordingly, and for the reasons set forth herein, Plaintiff's motions in liminie related to Kewaunee County drug investigation (Dkt. 40) is **granted.** The motion in limine related to contention interrogatories (Dkt. 42) is **granted** as set forth above. Plaintiff's motion to strike expert witness Daniel Trelka (Dkt. 48) is **granted.**

**SO ORDERED** this   6th   day of July, 2011.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
